UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Vincent Missouri, #0372<br>*formerly #97087-071*,<br>　　　　　　　　　Petitioner,<br><br>vs.<br><br>Custodian, Greenville County Detention Center,<br>　　　　　　　　　Respondent.<br>_____ | C/A No.  8:14-35-MGL-JDA<br><br><br><br>Report and Recommendation |

　　　The petitioner is a pre-trial detainee at the Greenville County Detention Center, which is located in Greenville, South Carolina. Petitioner is awaiting trial in both Greenville and Pickens counties on charges of bank robbery, and files this Petition under 28 U.S.C. § 2241. He asks this Court to direct the state court to release him on his own recognizance. Petitioner currently has a habeas case addressing the same issues pending in state court. The undersigned recommends summary dismissal of the petition.

Standard of Review

　　　Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979). *Pro se* petitions are held to a less stringent standard than those drafted by attorneys, *see Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally

construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972); *Fine v. City of New York*, 529 F.2d 70, 74 (2d Cir. 1975). However, even considered under this less stringent standard, this petition is still subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Department of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Discussion

Ordinarily, federal habeas corpus relief for a state prisoner is available post-conviction under 28 U.S.C. § 2254. However, *pretrial* petitions for habeas corpus may be properly brought under 28 U.S.C. § 2241, "'which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him.'" *United States v. Tootle*, 65 F.3d 381, 383 (4th Cir. 1995) (quoting *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987)).

Petitioner complains that his constitutional rights relating to his detention and right to trial have been abridged. The petition is very confusing, as it appears to address charges stemming from at least two different bank robbery attempts; it is often unclear which charge he is discussing. At one point, Petitioner alleges that he moved for a speedy trial on charges from a June 18, 2012 robbery, but that he still has not been tried. ECF No. 1 at 8. He complains that he has been held beyond 90 days on an arrest warrant without being indicted. ECF No. 1 at 10. In an amended petition, he complains that during a short

period when he was out on bond, and before he was accused of attempting another bank robbery, he was forced to wear an ankle bracelet; he claims electronic monitoring is used in a discriminatory fashion against African Americans, and that it constitutes excessive bail. ECF No. 6.

It is not clear what Petitioner has done to address these problems in the proper venues, which would be the courts where he has charges pending.  He says he has filed a state habeas dated October 22, 2013 dealing with the same set of facts, but has heard nothing back.   ECF No. 1 at 21.

Federal habeas relief can be sought only after state court remedies have been exhausted. *See* 28 U.S.C. § 2254(b); *Picard v. Connor*, 404 U.S. 270 (1971); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-491 (1973)(exhaustion also required under 28 U.S.C. § 2241); *Moore v. De Young*, 515 F.2d 437, 442-443 (3rd Cir. 1975)(exhaustion required under 28 U.S.C. § 2241); *Beard v. Green*, 523 U.S. 371, 375, ["[A]ssertions of error in criminal proceedings must first be raised in state court in order to form the basis for relief in habeas. Claims not so raised are considered defaulted."](*citing Wainwright v. Sykes*, 433 U.S. 72 (1977)).

Here, it is clear that the petitioner has not exhausted his state remedies.  The judgment in petitioner's criminal case will not become final until he is convicted and sentenced. If the petitioner is convicted and sentenced in his pending criminal case, he has the remedy of then filing a direct appeal.  If his direct appeal is unsuccessful, the petitioner can file an application for post-conviction relief. *See* § 17-27-10, *et seq.*, South Carolina Code of Laws.  Applications for post-conviction relief are to be filed in the Court of

Common Pleas for the county in which a South Carolina prisoner was convicted in a Court of General Sessions. Moreover, if a South Carolina prisoner's application for post-conviction relief is denied or dismissed by a Court of Common Pleas, he or she can file an appeal in that post-conviction case. *See* § 17-27-100, South Carolina Code of Laws; and *Knight v. State*, 284 S.C. 138, 325 S.E.2d 535 (S.C. 1985).

It is well settled that a direct appeal is a viable state court remedy; *Castille v. Peoples*, 489 U.S. 346, 349-352 (1989); and the United States Court of Appeals for the Fourth Circuit has held that South Carolina's Uniform Post-Conviction Procedure Act, which is currently codified at § 17-27-10 *et seq*., South Carolina Code of Laws, is also a viable state-court remedy. *See Miller v. Harvey*, 566 F.2d 879, 880-881 (4th Cir. 1977); and *Patterson v. Leeke*, 556 F.2d 1168, 1170-1173 (4th Cir. 1977). Therefore, Petitioner must pursue these state avenues for relief prior to filing a § 2241 petition in this Court.

"In *Younger* [*v. Harris*, 401 U.S. 37 (1971)], the Supreme Court plainly declared that federal court equitable interference with state criminal proceedings should not be undertaken except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). The *Younger* Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. *Younger*, 401 U.S. at 43-44. "In *Younger* and its progeny, the Supreme Court generally has found abstention appropriate if the following three-pronged test has been met: 1/ there are ongoing state judicial proceedings; 2/ the proceedings implicate important state interests; and  3/ there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Maryland*

*Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n,* 457 U.S. 423, 432 (1982)).

Petitioner indicates that he is in detention waiting to be tried for the charges on which he is being held. Thus, ongoing state criminal proceedings exist as required by the first prong of the *Younger* test. The second prong has been addressed by the Supreme Court's statement that "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). The Court also addressed the third prong in noting "that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights.'" *Gilliam v. Foster*, 75 F.3d 881, 904 (4th Cir. 1996) (quoting *Kugler v. Helfant*, 421 U.S. 117, 124 (1975)).

Specifically, federal habeas relief is available under § 2241 only if "special circumstances" justify the provision of federal review. *Dickerson*, 816 F.2d at 224-26; *see also Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489-90 (1973). While "special circumstances" lacks any precise, technical meaning, courts have essentially looked to whether procedures exist which would protect a Petitioner's constitutional rights without pre-trial intervention. *Moore v. DeYoung*, 515 F.2d 437, 449 (3d Cir. 1975). Thus, where a threat to the Petitioner's rights may be remedied by an assertion of an appropriate defense in state court, no special circumstance is shown. *Id.*; *see, e.g., Drayton v. Hayes*, 589 F.2d 117, 121 (2d Cir. 1979)(double jeopardy claim entitled to pretrial habeas intervention since "the very constitutional right claimed ... would be violated" if petitioner

5

were forced to go to trial). Where the right may be adequately preserved by orderly post-trial relief, special circumstances are likewise nonexistent. *Moore*, 515 F.2d at 449.

Petitioner appears to claim denial of a speedy trial. In *Moore*, 515 F.2d at 443, the court concluded that the federal court should abstain from considering a speedy trial claim at the pre-trial stage because the claim could be raised at trial and on direct appeal. *See generally United States v. MacDonald*, 435 U.S. 850 (1978); *Dickerson*, 816 F.2d at 226-27. Petitioner can pursue his claims in state court both during and after trial, so he fails to demonstrate "special circumstances," or to show that he has no adequate remedy at law and will suffer irreparable injury if denied his requested relief of release from imprisonment. *See Younger*, 401 U.S. at 43-44. Petitioner is therefore precluded from federal habeas relief at this time, and his petition should be dismissed.

### Recommendation

Accordingly, it is recommended that the petition and amended petition for a writ of habeas corpus in the above-captioned case be dismissed *without prejudice* and without issuance and service of process upon the respondent. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return); *Toney v. Gammon*, 79 F.3d 693, 697 (8th Cir. 1996) (a petition may be summarily dismissed if the record clearly indicates that the petitioner's claims are either barred from review or without merit). *Cf*. the Anti-Terrorism and Effective Death Penalty Act of 1996.

                                                             s/ Jacquelyn D. Austin
                                                             United States Magistrate Judge

January 30, 2014
Greenville, South Carolina


Petitioner's attention is directed to the important notice on the next page.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).