

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| VINCENT MISSOURI, | § | |
| Petitioner, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 8:14-35-MGL-JDA |
| | § | |
| CUSTODIAN, | § | |
| Greenville County Detention Center, | § | |
| Respondent. | § | |

## ORDER ADOPTING THE REPORT AND RECOMMENDATION, DISMISSING PETITIONER'S PETITION WITHOUT PREJUDICE, AND DENYING PETITIONER'S MOTIONS TO COMPEL

This case was filed as a 28 U.S.C. § 2241 action. Petitioner is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Petitioner's petition be denied without prejudice. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina. Also pending before the Court are Petitioner's two motions to compel.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on January 30, 2014, and the Clerk of Court entered Petitioner's objections on February 14, 2014.  The Clerk also entered Petitioner's two motions to compel:  the first one on June 13, 2014, and the second one on August 21, 2014.   The Court has carefully considered the objections and the motions to compel, but finds them to be without merit. Therefore, it will enter judgment accordingly.

Petitioner filed his petition when he was a pretrial detainee.  But, as the Magistrate Judge recognized, "[f]ederal habeas relief can be sought only after state court remedies have been exhausted. . . .  Here, it is clear that . . . [P]etitioner has not exhausted his state remedies."  Report 3.   Nevertheless, because federal courts generally abstain from interfering with an on-going state criminal proceeding, *Younger v. Harris*, 401 U.S. 37 (1971), even when the claims are exhausted, a petitioner must demonstrate "special circumstances" to justify federal intervention, *Dickerson v. Louisiana*, 816 F.2d 220, 224-26 (5th Cir. 1987).  Although the term "special circumstances" lacks any precise, technical meaning, courts have essentially looked to whether procedures exist that would protect a petitioner's constitutional rights without pre-trial intervention.  *Moore v. DeYoung*, 515 F.2d 437, 449 3d Cir. 1975).  When the right may be adequately preserved by orderly post-trial relief, special circumstances are nonexistent.  *Id*. at 449.  The claims that Petitioner makes here can or could have been raised at trial or on direct appeal.  Thus, the Court would abstain from addressing Petitioner's claims–even if they were properly exhausted.

Petitioner's objections consist, in large part, of nothing more than a rehashing of the arguments that the Magistrate Judge has already considered and rejected.  Because the Court agrees with the Magistrate Judge's analysis of these issues, it will not repeat it here.  His other objections are so lacking in merit so as not to require discussion.

2

Although Petitioner was a pre-trial detainee when he filed this action, Petitioner evidently submitted his two motions to compel after he was convicted. In Petitioner's June 13, 2014, motion, he moves the Court to vacate his conviction or set an evidentiary hearing so that he can further develop the facts. And, in his August 21, 2014, motion, he asks the Court to order his release. But of course, given the posture of Petitioner's case, the Court has no authority to grant the relief that he seeks in these two motions. Therefore, the Court will deny both of the motions.

After a thorough review of the Report and the record in this case pursuant to the standards set forth above, the Court overrules Petitioner's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of this Court that Petitioner's petition is **DENIED WITHOUT PREJUDICE**. Further, both Petitioner's June 13, 2014, motion to compel and his August 21, 2014, motion to compel are **DENIED**.

An order denying relief in a § 2241 proceeding such as this is not appealable unless a circuit or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability will issue only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). The Court has reviewed the petition, the record and the applicable case law and concludes that Petitioner has failed to make the requisite showing. Therefore, to the extent that Petitioner requests a certificate of appealability from this Court, that request is **DENIED**.

3

**IT IS SO ORDERED**.

Signed this 9th day of September, 2014, in Spartanburg, South Carolina.

s/ Mary G. Lewis
MARY G. LEWIS
UNITED STATES DISTRICT JUDGE

\*\*\*\*\*

**NOTICE OF RIGHT TO APPEAL**

Petitioner is hereby notified of the right to appeal this Order within thirty days from the date

hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

4